BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00037-KJM-DAD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $36,220.00 IN U.S. CURRENCY, | |
| APPROXIMATELY $229,500.00 IN U.S. CURRENCY, | |
| APPROXIMATELY €2,500.00 IN EUROS, | |
| APPROXIMATELY $4,445.15 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 1328139793, | |
| APPROXIMATELY $3,267.56 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 3189851920, | |
| APPROXIMATELY $8,598.93 IN U.S. CURRENCY SEIZED FROM TD AMERITRADE ACCOUNT NUMBER 757-895490, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     Agents with the Department of Homeland Security - Homeland Security Investigations ("DHS-HSI") seized the following assets:  Approximately $36,220.00 in U.S. Currency seized on December 23, 2011; Approximately $229,500.00 in U.S. Currency seized on December 29, 2011 from a safety deposit box at Bank of America at 1830 Del Paso Boulevard, Sacramento, California; Approximately €2,500.00 in Euros seized on December 29, 2011 from a safety deposit box at Bank of America at 1830 Del Paso Boulevard, Sacramento, California; Approximately $4,445.15 in U.S. Currency seized December 29, 2011 from Wells Fargo Bank account number 1328139793; Approximately $3,267.56 in U.S. Currency seized on December 29, 2011 from Wells Fargo Bank account number 3189851920; and Approximately $8,598.93 in U.S. Currency seized on December 29, 2011 from TD Ameritrade Account Number 757-895490 (collectively the "defendant assets") for federal forfeiture.  The U.S. Customs and Border Protection ("CBP") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants.  On or about February 17, 2012, the CBP received claims from Nong Vue, Thierry Thao and Sai Vang asserting ownership interest in the defendant assets.

2.     The United States represents that it could show at a forfeiture trial that on December 22, 2011, CBP officers at the San Francisco Airport Mail Center seized a package of opium (wrapped in tablecloths) destined to 2623 Altos Avenue, Sacramento, California.  The combined weight of the opium and the tablecloths was approximately 11,097 grams (24.46 pounds).  The package seized on December 22, 2011 was forwarded by CBP to Sacramento HSI agents who on December 23, 2011 executed a controlled delivery and search warrant at 2623 Altos Avenue.

3.     The United States further represents that it could show at a forfeiture trial that during the search of 2623 Altos Avenue on December 23, 2011, HSI agents discovered and seized indicia documents, textile fabric commonly used to smuggle opium, and $36,220 in cash from Nong Vue and Thierry Thao's bedroom closet. Federal agents also found a safety deposit box key inside an envelope in the master

1  bedroom. The envelope bore box number 8557B and account number 08124-01536.
2  When questioned about the safety deposit box key, Thierry Thao said it was his wife's
3  safety deposit box at Bank of America and that it contained approximately $200,000 in
4  cash, most of it brought to the United States from France in 2008. Thao also stated
5  that he has been unemployed since coming to the United States; his only source of
6  income being welfare payments. When interviewed by federal agents, Nong Vue said
7  that the money in the safety deposit box was from her husband and he had brought it
8  with him when he moved here from France.

9      4.    The United States could further show at a forfeiture trial that the
10 defendant assets are forfeitable to the United States pursuant to 18 U.S.C. §
11 981(a)(1)(C), 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5332(c).

12     5.    Without admitting the truth of the factual assertions contained above,
13 Nong Vue, Thierry Thao and Sai Vang specifically denying the same, and for the
14 purpose of reaching an amicable resolution and compromise of this matter, Nong Vue,
15 Thierry Thao and Sai Vang agree that an adequate factual basis exists to support
16 forfeiture of the defendant assets. Nong Vue, Thierry Thao and Sai Vang hereby
17 acknowledge that they are the sole owners of the defendant assets, and that no other
18 person or entity has any legitimate claim of interest therein. Should any person or
19 entity institute any kind of claim or action against the government with regard to its
20 forfeiture of the defendant assets, Nong Vue, Thierry Thao and Sai Vang shall hold
21 harmless and indemnify the United States, as set forth below.

22     6.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345
23 and 1355, as this is the judicial district in which acts or omissions giving rise to the
24 forfeiture occurred.

25     7.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
26 district in which the defendant assets were seized.

27     8.    The parties herein desire to settle this matter pursuant to the terms of a
28 duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, the Approximately $229,500.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5332(c), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following assets shall be returned, together with any interest that has accrued on those amounts, to potential claimants Nong Vue, Thierry Thao and Sai Vang through their attorney John Balazs:

    a. Approximately $36,220.00 in U.S. Currency seized on December 23, 2011;

    b. Approximately €2,500.00 in Euros seized on December 29, 2011 from a safety deposit box at Bank of America at 1830 Del Paso Boulevard, Sacramento, California;

    c. Approximately $4,445.15 in U.S. Currency seized December 29, 2011 from Wells Fargo Bank account number 1328139793;

    d. Approximately $3,267.56 in U.S. Currency seized on December 29, 2011 from Wells Fargo Bank account number 3189851920; and

    e. Approximately $8,598.93 in U.S. Currency seized on December 29, 2011 from TD Ameritrade Account Number 757-895490.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and

unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant assets and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: October 30, 2012.

_____
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

DATED:  October 30, 2012.

_____
UNITED STATES DISTRICT JUDGE